Not for Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**SHAKIR AMOS** | **Criminal No. 16-0292 (ES)**<br><br>**OPINION** |

**HAYDEN, DISTRICT JUDGE**

  Defendant Shakir Amos has brought a motion for reduction of sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), D.E. No. 146, which the government has opposed, D.E. No. 152. Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Crim. P. 43(b)(4); *United States v. Styer*, 573 F.3d 151, 154 (3d Cir. 2009). For the following reasons, the Court denies the motion.

**I.**  **Background**

  On June 20, 2016, Amos pleaded guilty to a one-count information charging him with conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On June 20, 2016, then Chief Judge Linares sentenced Amos to 70 months imprisonment and five years of supervised release. Amos was ordered to self-surrender to the Bureau of Prisons ("BOP") on November 7, 2020. At present, he is incarcerated at MDC Brooklyn and is scheduled for release on December 5, 2021. Amos has moved for compassionate release under § 3582(c)(1)(A) on the basis that his underlying medical condition puts him at risk of serious illness or death if he were to contract COVID-19 while

incarcerated at MDC Brooklyn.[1]

## II. Legal Standards

Once a term of imprisonment has been imposed, the Court may modify it only under very limited circumstances. *In re Morris*, 345 F. App'x 796, 797–98 (3d Cir. 2009) (citing 18 U.S.C. § 3582(c)). Relevant here, 18 U.S.C. § 3582(c)(1) provides that in any case:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
>> (i) extraordinary and compelling reasons warrant such a reduction;
>>
>> [. . .]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The United States Sentencing Commission has promulgated a policy statement that, in relevant part, allows a court to grant compassionate release or a sentence reduction where: (i) extraordinary or compelling reasons warrant a reduction in a defendant's sentence; (ii) the defendant is not a danger to the safety of others or to the community; and (iii) release from custody complies with the § 3553(a) factors. *United States v. Brummett*, No. 07-0103, 2020 WL 1492763, at *2 (E.D. Ky. Mar. 27, 2020) (citing U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 1B1.13 (U.S.

---

[1] Amos initially filed a *pro se* motion for release. (D.E. No. 141.) Pursuant to the District of New Jersey's Standing Order 2020-08, the Court informed the Office of the Federal Public Defender of the pending *pro se* motion and allowed counsel an opportunity to file supplemental motion papers. Because Amos is now represented by counsel and because Amos's *pro se* motion is not substantive, the Court only refers to counsel's supplemental filing throughout this opinion.

2

SENTENCING COMM'N 2018)).[2]

## III. Analysis

### A. Exhaustion

Before moving before the Court for a reduction of sentence, a defendant must satisfy § 3582(c)(1)(A)'s exhaustion requirement. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). This requires either that 30 days have passed since the receipt of a compassionate release request by the warden of the defendant's facility, *or* that the defendant has exhausted all administrative remedies. 18 U.S.C. § 3582(c)(1)(A); *United States v. Harris*, 973 F.3d 170, 171 (3d Cir. 2020). Both parties agree that Amos has met this requirement; on March 26, 2020, Amos submitted a request to the Warden of MDC Brooklyn for reduction of sentence. (D.E. No. 147-1 Ex. C). More than 30 days later, on May 12, 2020, Amos moved for compassionate release in this Court.

### B. Extraordinary and Compelling Reasons for Reduction

Congress directed the Sentencing Commission to define "extraordinary and compelling reasons" that justify a reduction in sentence. 28 U.S.C. § 994(t). The Sentencing Commission issued a policy statement in which an application note lists three specific circumstances that qualify as extraordinary and compelling: (i) a terminal illness or a serious medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover; (ii) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of

---

[2] Additionally, the government interprets the motion as requesting that the Court place Amos on home confinement. (*See* Gov. Opp. Br. at 14–15.) To the extent Amos does make such a request, the Court agrees with the government that the Court has no authority to grant such relief. (*Id.*) The plain language of § 3582(c)(1)(A) gives the Court authority only to "reduce" the defendant's "term of imprisonment," not to modify defendant's place of incarceration. And "only the [BOP] has the actual authority to designate the place of incarceration." *United States v. Voda*, 994 F.2d 149, 151–52 (5th Cir. 1993); *see also United States v. Miles*, No. 11-0581, 2020 WL 1989290, at *1 n.2 (S.D.N.Y. Apr. 27, 2020).

3

the aging process, and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; or (iii) certain family circumstances exist where the defendant would be the only available caregiver for his or her minor child, spouse, or registered partner. U.S.S.G. § 1B1.13, Application Note 1(A)–(C). In addition, the Sentencing Commission included a catchall provision, which provides that "other reasons" may be sufficient if "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in [the enumerated] subdivisions." *Id.*, Application Note 1(D).[3]

Applying the foregoing, and in particular the first circumstance involving a serious medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility," the Court finds that this record does not support Amos's claim that he suffers from a qualifying medical condition or conditions. He suffers from asthma, "a condition in which a person's airways narrow and swell and produce extra mucus, making it difficult to breath[e]." (Motion at 2; *see also* D.E. No. 147-1, Ex. A (BOP health records indicating that Amos suffers from asthma)). But as the government points out, the ICD-10 code accompanying Amos's diagnosis for asthma is "J45909" (D.E. No. 147-1, Ex. A), which stands for "Unspecified asthma, uncomplicated." (Gov. Opp. Br. at 8 (citing ICD-10-CM Code for Unspecified asthma, uncomplicated, American Association of Professional Coders ("AAPC"), available at https://www.aapc.com/codes/icd-10-codes/J45.909?rf=aapc (last accessed November 30, 2020)).) There are separate ICD-10 codes for moderate and severe asthma, and those codes do not appear in Amos's medical records. (*Id.* (citing ICD-10-CM Code for Asthma, AAPC,

---

[3] Section 1B1.13 was not updated after the First Step Act was passed, and it therefore was drafted to address motions made by the BOP, not motions made by a defendant. *United States v. Rodriguez*, No. 03-0271, 2020 WL 1627331, at *3 (E.D. Pa. Apr. 1, 2020). Since early in the pandemic, this Court and other judges in this district have regularly ruled on motions made by defendants, consistent with Judge Brody's reasoning in *Rodriguez*.

available at https://www.aapc.com/codes/icd-10-codes/J45 (last accessed November 30, 2020)).) Merely having asthma, as opposed to moderate or severe asthma, has not been found to be an underlying medical condition that triggers eligibility for compassionate release. *See, e.g.*, *United States v. Slone*, No. 16-0400, 2020 WL 3542196, at *6 (E.D. Pa. June 30, 2020) ("[A]n incarcerated person arguing extraordinary and compelling reasons based on asthma which is not moderate to severe is not entitled to compassionate release."); *United States v. Smith*, No. 09-0187, 2020 WL 4047485, at *4 (W.D. Pa. July 20, 2020); *United States v. Wheeler*, No. 19-0085, 2020 WL 2801289, at *3 (D.D.C. May 29, 2020). And significantly, the Centers for Disease Control and Prevention ("CDC") has placed moderate or severe asthma on its list of medical conditions that *might* place people of any age at increased risk for severe illness from COVID-19, as opposed to the mild or uncomplicated form.[4] This ranking demonstrates that Amos's asthma condition as documented in his medical records has not even been put on the list of underlying conditions that *might cause*, as opposed to those that *cause*, serious illness as a co-morbidity factor.

This motion also rests on generalized concerns about contracting the virus at MDC Brooklyn, but these, standing alone, are insufficient to justify compassionate release. *Raia*, 954 F.3d at 597 ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). As of November 30, 2020, the BOP's website reports that MDC Brooklyn has one inmate and eight staff members who have COVID-19. *See Federal BOP COVID-19 Cases*,

---

[4] *See People With Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html) (last accessed November 30, 2020). Courts around the country have used the CDC's list as a guidepost for determining whether extraordinary and compelling reasons exist in COVID-19 compassionate release cases. *See, e.g.*, *United States v. Dent*, No. 18- 20483, 2020 WL 4783921, at *3 (E.D. Mich. Aug. 17, 2020); *United States v. Henries*, No. 00-0788, 2020 WL 4727090, at *2 (D.N.J. Aug. 14, 2020); *United States v. Henry*, No. 04-0004, 2020 WL 4748537, at *5 (D. Md. Aug. 17, 2020).

https://www.bop.gov/coronavirus/ (last accessed November 30, 2020). This is an improvement over information Amos provides that on October 8, 2020, 17 out of 1,893 inmates tested positive. That said, across the United States the virus is spiking as of this writing, and snapshots cannot minimize the impact of this pandemic on a prison population. What drives this decision is the medical evidence behind Amos's application, which as discussed above does not support eligibility for compassionate release on the basis of extraordinary and compelling circumstances.

## IV.     Conclusion

For the foregoing reasons, Amos's motion is denied.[5] An appropriate order accompanies this opinion.

Dated: November 30, 2020              */s/Katharine S. Hayden*
                                      **Katharine S. Hayden, U.S.D.J.**

---

[5] Because Amos has not met his burden of demonstrating that extraordinary and compelling reasons warrant a sentence reduction, an analysis of the § 3553(a) factors and dangerousness is unnecessary.